**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRAD LEE BARNHILL, and CATHERINE
NICOLE DONKERS,

       Plaintiffs,

v.                                        CASE NO. 02-75123
                                        HON. LAWRENCE P. ZATKOFF

J&T CROVA TOWING, INC.,

       Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Detroit, State of Michigan, on August 5, 2005

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion for Leave to Amend Complaint and to Join Essential Defendants, Plaintiffs' Response to the Court's Order to Show Cause, Plaintiffs' Motion for Relief from Judgment, and Defendant's Motion to Extend Filing Deadlines. Each motion has been responded to, and no replies have been filed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decisional process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. L.R. 7.1(e)(2), it is hereby ORDERED that the motions will be resolved on the briefs submitted. For the reasons set forth

below, Plaintiffs' Motion for Leave to Amend Complaint and Join Essential Defendants will be DENIED. Plaintiffs' Motion for Relief From Judgment will also be DENIED. Finally, Defendant's Motion to Extend Filing Deadlines will be GRANTED.

## II. BACKGROUND

Plaintiffs, acting *in propria persona*, filed this action on December 24, 2002. Plaintiffs vaguely asserted one count of conversion of a 1989 Oldsmobile Regency against Defendant J&T Crova Towing, Inc. Plaintiffs also alleged federal diversity jurisdiction. On February 18, 2003, after Defendant filed an answer, the Court *sua sponte* dismissed Plaintiffs' Complaint without prejudice for failing to establish the amount-in-controversy necessary to support federal diversity jurisdiction. *See Barnhill v. J&T Crova Towing, Inc.*, No. 02-75123, at 2 (E.D. Mich. Feb. 18, 2003) ("For the reasons set out below . . . this Court lacks subject matter jurisdiction over Plaintiffs' Complaint and the Complaint must be dismissed."). The Court also entered judgment dismissing Plaintiffs' "cause of action." *See Barnhill*, No. 02-75123 (E.D. Mich. Feb. 18, 2003) (entering judgment in favor of Defendant and dismissing without prejudice Plaintiffs' "cause of action"). Thereafter, Plaintiffs took no action on this matter until filing the present motion to amend on December 20, 2004. Thus, Plaintiffs chose to wait for almost two years after the Court entered judgment to file the present motion to amend instead of simply re-filing their action within the applicable limitations period. Plaintiffs admit that the limitations period for most of their claims ended on December 21, 2004, one day after they filed the present motion. Thus, even though the Court dismissed Plaintiffs' action without prejudice in order to allow Plaintiffs to file a new action in either state or federal court, Plaintiffs instead chose to wait until the day before the expiration of

the statute of limitations to file the present request to amend the original complaint.

Plaintiffs now seek to add a Michigan State Trooper and ninety-nine unidentified officers of the Romulus Police Department as Defendants. Plaintiffs also allege federal question jurisdiction rather than diversity jurisdiction, and have added twenty-five different federal and state claims in their proposed Amended Complaint. Those claims include allegations that during the traffic stop that prompted Defendant to tow Plaintiffs' vehicle, which provided the basis for the original Complaint, a Michigan State Trooper and various Romulus Police officers assaulted, battered, and falsely imprisoned Plaintiffs, among other things. Plaintiffs argue that the policy of liberal pleading amendments under FED. R. CIV. P. 15(a) supports their motion to amend. Plaintiffs also request to be compensated in ounces of gold and deny any federal citizenship.[1]

On January 31, 2005, however, the Court ordered Plaintiffs to show cause why their motion to amend should not be construed as a motion to vacate the February 18, 2003, judgment. *See e.g., Camp v. Gregory*, 67 F.3d 1286, 1290 (7th Cir. 1995) ("[O]nce final judgment has been entered, the district court lacks jurisdiction to entertain a motion for leave to amend the complaint unless the plaintiff also moves for relief from the judgment."). Plaintiffs responded by arguing that although

---

[1] The denial of United States citizenship is a frivolous and universally rejected argument often used by tax protestors in their attempts to avoid paying federal taxes. *See Brushaber v. Union Pacific R.R.*, 240 U.S. 1, 12-19 (1916) (federal income taxes imposed on citizens throughout nation); *United States v. Sloan*, 939 F.2d 499, 501 (7th Cir. 1991); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990); *Wilcox v. Comm'r*, 848 F.2d 1007 (9th Cir. 1988); *Conner v. Comm'r*, 770 F.2d 17 (2d Cir. 1985); *see also See e.g., Coleman v. Commissioner*, 791 F.2d 68, 69 (7th Cir. 1989) ("Some people believe with great fervor preposterous things which just happen to coincide with their self interest. 'Tax protestors' have convinced themselves that wages are not income, that only gold is money, that the Sixteenth Amendment is unconstitutional, and so on."). Presumably, Plaintiffs are not tax protestors since they brought the present action in federal court, a court which tax protestors universally claim lacks jurisdiction when the United States seeks to collect taxes. Thus, it is not clear why Plaintiffs request to be compensated in gold and deny United States citizenship in the present action.

the Judgment dismissed their "cause of action," the Order set forth at the end of the Court's Opinion dismissed only their "Complaint." Plaintiffs argue that the distinction is critical because if the Court dismissed only their Complaint, the dismissal was not a "final judgment" and they need not file a motion for relief from judgment. Plaintiffs also argue that the Clerk of the Court did not have the authority to enter a judgment dismissing the "cause of action" because it is inconsistent with the Court's Order, which dismissed only the "Complaint." In the alternative, Plaintiffs moved for relief from judgment under Rule 60(b)(4) on the basis that the entry of a judgment against them deprived them of due process because it foreclosed their ability to amend the Complaint. Plaintiffs further argue that "exceptional circumstances" warrant setting aside the judgment because "the clerk should have entered a Judgment that actually was consistent with the Dismissal Order, meaning it should have been a Judgment that dismissed the complaint without prejudice." Plaintiffs' Motion for Relief From Judgment, at 11. Plaintiffs maintain that "to deny relief on such a minor technicality would at the same time offend justice and undermine the public's confidence in the judicial process." *Id.*

Defendant J & T Crova Towing, Inc., failed to timely answer Plaintiffs' response to the Court's Order to Show Cause and Plaintiffs' Motion for Relief From Judgment. On March 11, 2005, Defendant filed its untimely responses, along with a motion to extend the filing deadlines. Defendant claims that fourteen days was not enough time to conduct the "significant research" required to respond to Plaintiffs' response to the Court's order to show cause, Plaintiffs' motion for relief from judgment, and Plaintiffs' original motion to amend. Defendant also claims that Plaintiffs wrongly served Defendant's attorney, who "may not even be considered the attorney of record for Defendant on this post-judgment matter." Defendant's Motion to Extend, at 2. Finally, Defendant claims that its attorney was on vacation from February 11, 2005 until February 20, 2005, and that

4

the mail was slow.

With respect to the merits of Defendant's responses, Defendant maintains that Plaintiffs must first successfully move for relief from judgment because the Judgment dismissing Plaintiffs' action on February 18, 2003, was a final and appealable order. Defendant also maintains that the Judgment should not be vacated because Plaintiffs have not shown that any "exceptional circumstances" warrant setting aside the judgment under Rule 60(b)(6). In addition, Defendant argues that Plaintiffs have not shown that they are entitled to relief under Rule 60(b)(4) because they have not demonstrated that the Court violated Plaintiffs' due process rights. Finally, even if the Court sets aside the Judgment, Defendant argues that it would be futile for Plaintiffs to amend the Complaint; though Defendant fails to mention why it would be futile.

On March 31, 2005, Plaintiffs filed a seventeen-page brief and response to Defendant's motion to extend the filing deadlines. Plaintiffs argue that Defendant's motion to extend should be denied because Defendant's assertions fail to establish excusable neglect. In addition, Plaintiffs request the imposition of sanctions against Defendant for violating a number of the Court's local rules. Defendant did not reply to Plaintiffs' assertions.

### III.  DISCUSSION

**A.     Defendant's Motion to Extend Filing Dates**

As Plaintiffs correctly point out, the "excusable neglect" standard applies for determining whether a late filing may be accepted where there was no requested extension before expiration of the time period. *See* FED. R. CIV. P. 6(b)(2). The Supreme Court has described "excusable neglect" as a "somewhat 'elastic concept' [which] is not limited strictly to omissions caused by circumstances

5

beyond the control of the movant." *Pioneer Inv. Services Co. v. Brunswick Associates*, 507 U.S. 380, 392 (1993) (notes omitted); *Allen v. Murph*, 194 F.3d 722, 727 (6th Cir. 1999) (Krupansky, J., concurring). The Supreme Court also made the following observations:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the [opponent], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 507 U.S. at 395. In addition, a lawyer's inexcusable neglect is normally attributed to the client. *See Allen*, 194 F.3d at 723.

The Court finds highly disappointing Defendant's attorney's failure to timely respond to Plaintiff's initial motion to amend and to the Court's subsequent Order to Show Cause. Defendant's attorney failed to provide an affidavit in support of his alleged vacation, which conveniently occurred during the week Plaintiff served his responses. Defendant's attorney also failed to simply request an extension of time before the time period expired. Furthermore, while Defendant's attorney may be correct in arguing that "significant research" was necessary to adequately respond to Plaintiffs' assertions, a review of Defendant's responses reveals that no such "significant research" was actually conducted. For instance, Defendant failed to cite even a single case in response to Plaintiff's response to the Order to Show Cause and cited only one case for a general proposition in its response to Plaintiff's motion for relief from judgment. With respect to Plaintiff's motion for leave to amend the Complaint, Defendant provides only the well-settled standard for pleading amendments, along with conclusory assertions of futility and prejudice.

Nevertheless, the Court finds that under the factors set forth in *Pioneer*, Defendant has demonstrated excusable neglect. Plaintiff has attempted to revive his action nearly two years after it was dismissed; thus, Plaintiff can hardly complain of prejudice resulting from the approximately fourteen day delay in receiving Defendant's responses. In addition, because of the procedural posture of this matter, Defendant's delay will have no impact on any judicial proceedings, such as a trial. The Court also finds no evidence that Defendant acted in bad faith. Accordingly, the Court will grant Defendant's motion to extend the deadline for filing its responses.

**B.    Plaintiffs' Motion for Sanctions**

Plaintiffs also request sanctions for Defendant's failure to follow the Court's local rules. Plaintiffs maintain that Defendants failed to seek concurrence before filing the motion for extension of time, and failed to file a brief, table of controlling authorities, proof of service, or a notice of hearing. *See* E.D. MICH. LR. 7.1. Plaintiffs argue that under Local Rule 11, the Court may award sanctions for Defendant's attorney's knowing violation of the Court's rules.

The Court finds that Defendant's attorney disregarded the Court's local rules, particularly Local Rule 7.1(a) requiring the seeking of concurrence, and that Defendant has set forth no justifiable reason for that failure. Nevertheless, Local Rule 11.1 provides that the "procedures for imposing sanctions and the nature of sanctions shall be as set out in Fed. R. Civ. P. 11(c) . . . [and] references in Fed. R. Civ. P. 11(c) to violations of 'subdivision (b)' are deemed to be references to violations of the Local Rules . . . ." E.D. MICH. LR. 11.1. Under Federal Rule of Civil Procedure 11(c), a motion for sanctions must "be made separately from other motions or requests" and must "not be filed with or presented to the court unless within 21 days after service of the motion . . , the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately

7

corrected." FED. R. CIV. P. 11(c). Plaintiffs did not request sanctions in a motion separate from their response requesting the denial of Defendant's motion, nor did Plaintiffs comply with the 21-day safe harbor provision of Rule 11. Accordingly, Plaintiffs' request for sanctions will be denied. *See Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997) ("The plain language of Rule 11 specifies that unless the movant has complied with the twenty-one day 'safe harbor' service, the motion for sanctions 'shall not be filed with or presented to the court.'").

## C.     **Plaintiffs' Response to the Court's Order to Show Cause**

With their response to the Court's Order to Show Cause, Plaintiffs argue that their motion for leave to amend should not be construed as a motion for relief from judgment. Although Plaintiffs admit that they filed the motion for leave to amend nearly two years after both the dismissal of the Complaint and the entry of judgment, Plaintiffs argue that the Court's order specified that only the Complaint would be dismissed. Plaintiffs argue that the Clerk of the Court had no authority to enter a judgment inconsistent with the Court's written order. The Court finds Plaintiffs' arguments unpersuasive.

If the Court had merely dismissed Plaintiffs' Complaint without entering judgment dismissing the action, Plaintiffs might have a better argument. *See Azar v. Conley*, 480 F.2d 220 (6th Cir. 1973) ("An order which dismisses a complaint without expressly dismissing the action is not, except under special circumstances, an appealable order."). As the *Azar* court noted, if a district court dismisses only the complaint, the order will only be final and appealable if the court makes it clear that the action could not be saved by an amendment to the Complaint. *See Azar*, 480 F.2d at 223. It is well-settled, however, that where a court dismisses the "action," the judgment of the court is a final and appealable order. *See Zayed v. United States*, 368 F.3d 902, 905 (6th Cir. 2004)

8

("Where an action, and not merely an amendable complaint (or petition) is dismissed without prejudice, the order of dismissal is final and appealable."). In addition, Plaintiffs' references to the authority of the Clerk of the Court are irrelevant. The Court drafted and signed the judgment of dismissal in this matter, which clearly dismissed Plaintiffs' one and only "cause of action."

Even if the Court's Order created some ambiguity by mentioning the dismissal of Plaintiff's "Complaint," Plaintiffs admit that "[t]o determine whether a judgment is final, the language of the judgment itself is controlling." *See* Plaintiffs' Response to the Court's Order to Show Cause, at 8 (quoting *Paganis v. Blonstein*, 3 F.3d 1067, 1070 (7th Cir. 1993)). Courts have repeatedly emphasized that the language of the judgment controls over any inconsistent language contained in an opinion and order. *See e.g. Murdaugh Volkswagen, Inc. v. First National Bank of South Carolina*, 741 F.2d 41, 44 (1984) ("When the terms of a judgment conflict with either a written or oral opinion or observation, the judgment must govern."); *Eakin v. Continental Illinois Nat'l Bank & Trust Co.*, 875 F.2d 114, 118 (7th Cir. 1989) ("Judicial opinions do not create obligations; judgments do. In the event of a conflict between the opinion and the judgment, the judgment controls."); *Benjamin v. United States*, 833 F.2d 669, 671-72 (7th Cir. 1987) (finding language of the judgment dismissing complaint controlled over language in accompanying order dismissing action). Furthermore, the Court's Order left no room for Plaintiffs to reasonably believe that their Complaint could be amended to overcome the problems identified by the Court. The Complaint alleged only that Defendant wrongly seized Plaintiff's 1989 Oldsmobile and personal property located inside the automobile. The Court reviewed the itemized list of property attached to Plaintiffs' Complaint and found that to a legal certainty, Plaintiffs could not establish the requisite $75,000.00 amount-in-controversy. Thus, the Court did not identify a simple pleading error.

9

Rather, the Court found that Plaintiffs could not under any circumstances satisfy the amount-in-controversy requirement because the property alleged to be converted had insufficient value. Plaintiffs could not have amended their Complaint to correct the defect identified by the Court without completely changing the Complaint to add new allegations of wrongdoing and new theories of relief. Accordingly, the Court finds that the language of the judgment dismissing Plaintiffs' action governs and, therefore, the Judgment dismissed Plaintiffs' "action" thereby requiring Plaintiffs to successfully set aside that judgment before moving to amend the Complaint. *See See National Petrochemical Co. of Iran v. The M/T Stolt Sheaf*, 930 F.2d 240, 244-45 (2d Cir. 1991) ("Unless there is a valid basis to vacate the previously entered judgment, it would be contradictory to entertain a motion to amend the complaint."); *Briddle v. Scott*, 63 F.3d 364, 380-81 (5th Cir. 1995) (quoting 6 WRIGHT, MILLER, & KANE, FED. PRAC. & PROC., § 1489) ("Most courts faced with the problem have held that once a judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60 . . . ."); *Camp v. Gregory*, 67 F.3d 1286, 1290 (7th Cir. 1995) ("[O]nce final judgment has been entered, the district court lacks jurisdiction to entertain a motion for leave to amend the complaint unless the plaintiff also moves for relief from the judgment."); *Barnes v. Clinton*, 57 Fed. Appx. 240, 241 (6th Cir. 2003) (Because [plaintiff] filed the motion to amend the pleadings after the entry of judgment in the case, the motion is properly construed as a motion for relief from judgment under FED. R. CIV. P. 60(b).").

**D.     Plaintiffs' Motion for Relief From Judgment**

As the Court noted in its Order to Show Cause, motions to vacate judgment under Rule 60(b)(1)-(3) must be filed within one year of the entry of judgment. *See* FED. R. CIV. P. 60(b). Motions to vacate the judgment under Rule 60(b)(4)-(6), however, need only be filed within a

reasonable time. *See id.* Because more than one year has elapsed since the entry of judgment in this matter, Plaintiffs move for relief from judgment under Rule 60(b)(4) and Rule 60(b)(6).

Rule 60(b) provides as follows, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) *the judgment is void*; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) *any other reason justifying relief from the operation of the judgment*. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

FED. R. CIV. P. 60(b). Plaintiffs maintain that dismissing their case without affording them an opportunity to amend the Complaint violated their Due Process rights and, therefore, the Judgment is void under Rule 60(b)(4). Plaintiffs also maintain that they construed the Judgment to mean that the Court dismissed only the Complaint because the judgment was entered "pursuant to" the Court's Order. Thus, Plaintiffs argue that "exceptional circumstances" warrant vacating the judgment under Rule 60(b)(6) because the statute of limitations has now run on their claims, and the Court should not prevent them from pursuing those claims based on "such a minor technicality . . . ." Plaintiffs' Motion for Relief from Judgment, at 10. The Court finds Plaintiffs' arguments unpersuasive.

First, motions under Rule 60(b)(4) and Rule 60(b)(6) must be made "within a reasonable time[.]" To determine whether a reasonable time has elapsed, courts consider such factors as the interest in finality, the reason for the delay, the ability of the party to learn earlier of the grounds

11

relied on, and prejudice to the opposing party. *See Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601 (7th Cir. 1986) (finding six month delay unreasonable); *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983) (noting that courts must "balance the interest in finality with the reasons for delay."). The Court finds that under the circumstances presented here, the interest in finality and prejudice to Defendant outweigh Plaintiffs' reasons for delay and any difficulty they may have had learning earlier of the grounds for seeking to set aside the Judgment. The Court entered judgment dismissing this action against Defendant nearly two years ago. Plaintiffs did not appeal that decision, nor did they seek any clarification of what they now claim is an inconsistency between the Court's Order and the Judgment. Instead, Plaintiffs sat quietly for two years and waited until one day before the expiration of the statute of limitations to file a motion for leave to amend the Complaint to add new facts, twenty-four new causes of action, and one-hundred new defendants. Furthermore, these new facts were within Plaintiffs' knowledge before the Court entered judgment because they arose out of the same traffic stop that resulted in Defendant towing Plaintiffs' automobile. Plaintiffs provide no reason for why they waited nearly two years to allege facts that they were aware of when the Court dismissed the action. Had Plaintiffs moved to vacate the judgment within some sort of reasonable time frame, the Court might have found Plaintiffs' apparent confusion over the legal effect of the Judgment more compelling. Given the extraordinary and unexplained delay, however, the Court finds that finality and prejudice against Defendant outweigh Plaintiffs' erroneous assumption that the language of the Court's Order would trump that of the Judgment. Accordingly, the Court finds that Plaintiffs did not file the present motion for relief from judgment within a reasonable time.

Second, the Court finds that even if Plaintiffs timely filed their motion for relief from

judgment, they are not entitled to relief under Rule 60(b).  Contrary to Plaintiffs' assertions, Plaintiffs had no right to file a motion to amend that was foreclosed in violation of their due process rights by the filing of the Judgment.  As the Court discussed above, the Judgement dismissing the action was properly entered because there was no indication from Plaintiffs' Complaint that it could be saved by a simple pleading amendment.  Therefore, Plaintiffs' argument that the judgment was void under Rule 60(b)(4) is without merit.

In addition, Rule 60(b)(6) only applies "in exceptional or extraordinary circumstances" and only "as a means to achieve substantial justice when 'something more' than one of the grounds contained in Rule 60(b)'s first five clauses is present."  *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).  The Court finds that substantial justice does not require setting aside the Judgment in this matter.  Plaintiffs took a risk by relying solely on last line of the Court's Order to the exclusion of the Judgment and the findings set forth in the Order.  Plaintiffs took an even further risk by waiting for almost two years after dismissal of the action to file any papers with the Court. Accordingly, even if some ambiguity was created by use of the word "Complaint" instead of "action," at the end of the Court's Order, the Court finds that substantial justice would not be achieved by rewarding Plaintiffs' assumptions and forcing Defendant to defend this matter on entirely new theories of relief nearly two years after the Court entered Judgment in Defendant's favor.  Accordingly, the Court will deny Plaintiffs' Motion for Relief From Judgment.

Although the failure to successfully set aside the judgment is fatal to Plaintiffs' request to amend the Complaint, *see Camp v. Gregory*, 67 F.3d 1286, 1290 (7th Cir. 1995), the Court will nevertheless consider Plaintiffs' motion to amend.

**E.**     **Plaintiffs' Motion for Leave to Amend**

Under Rule 15(a), after a responsive pleading has been filed a party may amend its pleadings upon leave of court and "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Thus, leave to amend should be granted "[i]n the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiffs argue that leave to amend should be granted because the statute of limitations has run on their claims. Plaintiffs also argue that Defendant will suffer no prejudice from the requested amendments.

The Court finds Plaintiffs' arguments unpersuasive. As mentioned above, Plaintiffs waited until almost two years after the Court entered judgment against them to move to amend the Complaint. Despite filing numerous papers with the Court since moving for leave to amend, Plaintiffs have yet to provide any reason for the extensive delay. The Court finds that Plaintiffs' lack of explanation for the lengthy delay weighs in favor of denying their motion for leave to amend. *See e.g., Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982) ("When there has been an apparent lack of diligence, the burden shifts to the movant to prove that the delay was due to excusable neglect."). Furthermore, Plaintiffs' knowledge of the facts forming the basis for the extensive amendments to the Complaint at the time of the dismissal also weigh in favor of denying their motion. *See Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (noting that the moving party had knowledge of the facts supporting the requested amendment and had failed to explain or justify the late filing of his motion to amend); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1495 (10th Cir. 1995) (quoting *State Distributors, Inc. v. Glenmore*

14

*Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) ("Where the party seeking the amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."). In addition, the Court finds that Defendant will suffer prejudice from the late amendments because Plaintiffs have completely changed the theory of their case from a simple tort case to one of constitutional magnitude, including claims that Defendant was a state actor. *See Johnson v. Sales Consultants, Inc.*, 61 F.R.D. 369, 371 (N.D. Ill. 1973) ("The power of a court to permit amendments to a complaint should not be used to completely change the theory of the case after the case has been submitted to the court on another theory without some showing of lack of knowledge, mistake or inadvertence or some change of conditions over which that party had no knowledge or control."). Finally, although the expiration of the statute of limitations would ordinarily demonstrate prejudice on the part of the movant, in the present case Plaintiffs engineered their own prejudice by unjustifiably waiting until the last moment to file their motion for leave to amend. Accordingly, the Court finds that even if Plaintiffs had presented a valid reason for setting aside the Judgment entered against them, their motion for leave to amend the Complaint should nevertheless be denied.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, Defendant's Motion to Extend Filing Deadlines [dkt. # 21] is hereby GRANTED. Plaintiffs' Motion for Leave to Amend Complaint and to Join Essential Defendants [dkt. # 11] is hereby DENIED. Finally, Plaintiff's Motion for Relief From Judgment [dkt. # 14] is also hereby DENIED.

IT IS SO ORDERED.

                                          s/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
                                          UNITED STATES DISTRICT JUDGE

Dated:  August 5, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 5, 2005.

                                          s/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290